UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Byron R. Peterson,                                               Civil No. 06-3796 (PAM/JSM)

          Plaintiff,

v.                                                                                    **MEMORANDUM AND ORDER**

Argent Mortgage Company, Deutsche
Bank National Trust Company,
and AMC Mortgage Services,

          Defendants.

---

This matter is before the Court on Defendants' Motions to Dismiss and for Sanctions. For the reasons that follow, the Court grants the Motion to Dismiss but denies the Motion for Sanctions.

**BACKGROUND**

Plaintiff Byron R. Peterson resides at a property in Eagan, Minnesota. On September 26, 2005, he received a $157,250 loan and executed a mortgage against the property in favor of Defendant Argent Mortgage Company. At the closing, Peterson received several disclosures relating to the mortgage loan. In addition, Peterson signed a notice of right to cancel the loan transaction, thereby acknowledging that he received two copies of the notice and one copy of the Truth in Lending Act (TILA) disclosure statement. (Mar. 23, 2007 Lowin Aff. Ex. M.) The TILA disclosure understated the amount financed by $895.

Peterson made a few loan payments but eventually stopped. In August 2006, Defendant Deutsche Bank National Trust Company, the mortgagee by assignment, initiated foreclosure proceedings. On September 14, 2006, Peterson notified Defendants of his intent to rescind the loan transaction. On September 21, 2006, Deutsche Bank purchased the property at a sheriff's sale. Peterson commenced this action the same day. The six-month redemption period on the mortgage foreclosure was to expire on March 21, 2007, but the Court issued a temporary restraining order on March 20, 2007. On March 29, 2007, the Court vacated the restraining order and denied a preliminary injunction, finding that Peterson was unlikely to succeed on the merits of his claims.

On April 2, 2007, Defendants filed a Motion to Dismiss Counts I and IV of the Complaint, the only counts asserting claims against them.[1] On April 23, 2007, Defendants filed a Motion for Sanctions under Federal Rule of Civil Procedure 11. In response to the Motions, Peterson voluntarily dismissed Count IV and Subparagraph 18.A of the Complaint, which specifically alleged that Defendants violated TILA by understating the amount financed. However, Peterson did not withdraw the remainder of Paragraph 18, which alleges: "In the course of this consumer credit transaction Defendant failed to deliver all 'material' disclosures required by the Truth [in] Lending Act and Regulation Z." (Compl. ¶ 18.)

---

[1] Counts II and III of the Complaint asserted claims against Defendant Spectra Financial. In May 2007, the Court dismissed those claims with prejudice based on a stipulation between Peterson and Spectra Financial.

The Complaint contains no allegation that Defendants failed to provide Peterson a notice of right to cancel the transaction. Moreover, Peterson attached to the Complaint two unexecuted copies of the notice. Nonetheless, Peterson now contends that the allegations in Paragraph 18 sufficiently plead a claim based on the alleged untimely receipt of the notice.

**DISCUSSION**

**A.    Motion to Dismiss**

Relying on Federal Rule of Civil Procedure 12(b)(6), Defendants argue that Count I fails to state a claim upon which relief may be granted. A complaint need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (citations and internal quotations omitted); see also Fed. R. Civ. P. 8(a). However, the complaint must contain "more than labels and conclusions." Bell Atl. Corp., 127 S. Ct. at 1965. Thus, although a complaint need not contain detailed factual allegations, the allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Id. (internal citations omitted).

The Complaint does not sufficiently plead a claim based on an alleged untimely receipt of the notice of right to cancel. The general assertion that Defendants failed to deliver all material disclosures is a mere conclusion unsupported by any factual allegations relating to the notice. In fact, the Complaint lacks any reference to the notice. Moreover, Peterson

signed a notice of right to cancel the loan transaction,[2] thereby acknowledging that he received two copies of the notice and attached two copies of the notice to the Complaint. The general, conclusory assertion in Paragraph 18 is insufficient to support the claim Peterson now asserts. Because the Complaint is bare of pertinent factual allegations, it fails to nudge Peterson's claim "across the line from conceivable to plausible" and therefore must be dismissed. Id. at 1960.

Moreover, the claim is not cognizable. TILA requires a creditor to disclose certain information regarding a consumer credit transaction. See 15 U.S.C. §§ 1631-32. Such information includes notice of a consumer's right to cancel the transaction when a security interest is acquired in the consumer's principal dwelling. Id. § 1635(a). A creditor must provide the consumer with two copies of the notice of the right to cancel, clearly and conspicuously stating how the consumer may exercise the right to cancel. See 12 C.F.R. § 226.15(b). If the creditor does not provide the required notice, the consumer may have up to three years after the loan's consummation to rescind. See 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3). If a consumer provides written acknowledgment of receipt of the notice, a rebuttable presumption of delivery exists. 15 U.S.C. § 1635(c).

Peterson acknowledged that he received copies of the notice of right to cancel when he signed the notice on September 26, 2005. The Complaint asserts no factual allegations

---

[2] The signed notice was submitted in an affidavit in support of Defendants' Motion to Dismiss. However, because Plaintiff attached the unsigned notices as exhibits to the Complaint, the signed notice is embraced by the pleading. See Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 n.4 (8th Cir. 2003).

to overcome this presumption. More importantly, Peterson does not contend that he <u>never</u> received copies of the notice of right to cancel. Rather, he asserts that he did not receive the executed copies within three days of execution of the notice. A consumer may rescind a credit transaction before midnight of the third business day following (1) the consummation of the transaction, (2) delivery of the notice of the right to cancel, or (3) delivery of all material disclosures, whichever occurs last. 15 U.S.C. § 1635(a); 12 C.F.R. § 226.15(a)(3). Thus, Peterson had three days from the date he received the copies to rescind the loan transaction. Peterson does not contend that he sought rescission within those three days. Thus, his claim—however morphed—fails.

**B.   Rule 11 Sanctions**

Defendants ask the Court to award them attorneys' fees in defending this action because Peterson's claims are baseless. Federal Rule of Civil Procedure 11 requires that a pleading be signed by "at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party." Fed. R. Civ. P. 11(a). By signing the pleading, the attorney or unrepresented party certifies that the pleading is not being used for an improper purpose such as to harass or to cause unnecessary delay. <u>Id.</u> It also certifies that asserted claims are "warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law." <u>Id.</u> The "central purpose of Rule 11 is to deter baseless filings in district court and thus, . . . streamline the administration and procedure of the federal courts." <u>Cooter &</u>

Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990). The Court "applies a standard of 'objective reasonableness' to determine whether the pleading was frivolous, groundless, or advanced for an improper purpose." Sands v. Prod. Credit Ass'n of Fairmont, No. 4-92-606, 1993 WL 23592, at *3 (D. Minn. Jan. 13, 1993) (Rosenbaum, J.) (citing Pulaski County Republican Comm. v. Pulaski Bd. of Election Comm'rs, 956 F.2d 172, 173 (8th Cir. 1992)).

Although Peterson fails to state a claim upon which relief may be granted, the Court is not convinced that sanctions are appropriate in this case. Peterson voluntarily dismissed Count IV and part of Paragraph 18 in response to the threat of sanctions. His attempt to broadly interpret the remainder of Paragraph 18 was unsuccessful but not utterly frivolous, groundless, or for an improper purpose. Thus, the Court denies Defendants' request for attorneys' fees as sanctions in defending this action.

**CONCLUSION**

Count I, the only remaining count in the Complaint, fails to state a claim upon which relief can be granted. However, sanctions are inappropriate because Peterson's attempt to broadly construe the allegations was not frivolous or vexatious. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss Counts I and IV of the Complaint (Docket No. 39) is **GRANTED**;

2. Defendants' Motion for Sanctions under Federal Rule of Civil Procedure 11 (Docket No. 50) is **DENIED**; and

    3.    The Complaint is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 14, 2007

                                                              s/ Paul A. Magnuson
                                                              Paul A. Magnuson
                                                              United States District Court Judge